IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN CASTILLO-RIVERA, #48834-177,  Petitioner, | § § § § | |
| v. | § § | CIVIL NO. 3:16-CV-1992-M-BK (Criminal No. 3:14-CR-432-M-1) |
| UNITED STATES OF AMERICA,  Respondent. | § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner's *pro se* motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 was referred to the United States magistrate judge. Upon review of the relevant pleadings and law, and for the reasons that follow, it is recommended that the section 2255 motion be **DISMISSED WITH PREJUDICE**.[1]

**I. BACKGROUND**

In 2015, Petitioner pled guilty to Illegal Reentry after Removal from the United States, in violation of 8 U.S.C. §1326(a) & (b)(2), and was sentenced to 34 months' imprisonment. Crim. Doc. 33. He did not file a direct appeal. On June 28, 2016, Petitioner filed this *pro se* section 2255 motion challenging his sentence as unconstitutional under the Supreme Court's holding in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551, 2563 (2015), that imposing an increased sentence under the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), violates the Constitution's guarantee of due process. Doc. 6 at 7.

---

[1] *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts ("If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.").

## II. ANALYSIS

After conviction and exhaustion or waiver of the right to direct appeal, the Court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

Petitioner's reliance on *Johnson* is misplaced. *Johnson* holding has no bearing on the sentence imposed in this case. Petitioner's sentence was not increased under the ACCA's residual clause -- the only provision that *Johnson* found to be unconstitutional. *See Johnson*, ___ U.S. ___, 135 S. Ct. at 2563 (calling into question only the residual clause of the ACCA). Rather Petitioner was convicted of violating 8 U.S.C. § 1326, and sentenced pursuant to that statute. To the extent Petitioner argues that *Johnson* also operates to hold the crime of violence definition found in U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 (Unlawfully Entering or Remaining in the United States) unconstitutional, that argument is foreclosed.[2] The Supreme Court recently held that *Johnson* does not apply to the advisory Sentencing Guidelines. *See Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886, 895 (2017) (holding the Sentencing Guidelines are not subject to a void for vagueness challenge under the Due Process Clause of the Fifth

---

[2] Notwithstanding the holding in *Beckles*, the Guidelines definition of a "crime of violence" applicable to U.S. SENTENCING GUIDELINES MANUAL § 2L1.2 that includes residual clause language similar to that held unconstitutional in *Johnson* has no relevance here. The Presentence Report (PSR), which was adopted without change at sentencing, increased Petitioner's base offense level by four levels under U.S. SENTENCING GUIDELINES MANUAL § 2L1.2(b)(1)(D) because he was previously deported after conviction for a felony -- not because he was convicted of a prior crime of violence. *See* Crim. Doc. 22-1 at 5, PSR ¶¶ 18-19; Crim. Doc. 34, Statement of Reasons (SOR).

Amendment). Therefore, the *Johnson* holding does not afford Petitioner any relief.

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED WITH PREJUDICE**. *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

**SIGNED** April 13, 2017.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE